UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

KARIN WHITLEY,

    Plaintiff,

v.

FAMILY FORD, INC. d/b/a
BRANDON FORD,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, KARIN WHITLEY, ("Plaintiff"), hereby sues the Defendant, FAMILY FORD, INC. d/b/a BRANDON FORD ("Defendant"), a domestic for profit company, for injunctive relief, attorney's fees, damages, litigation expenses, and costs pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act or RA").

1. Plaintiff is a Florida resident, lives in Polk County, is *sui juris*, and is otherwise qualified as an individual with disabilities as defined by the RA. Plaintiff is an individual whose disability requires the use of a service animal and is unable to fully engage in and enjoy certain activities without the use of a service animal.

2. Plaintiff is an otherwise qualified individual with a disability who has been denied the benefits of a program or activity receiving federal financial assistance. 29 U.S.C. Section 794(a).

## JURISDICTION AND VENUE

3. Plaintiff is expressly authorized to bring this action under the Rehabilitation Act of 1973, 29 U.S.C. Section 794 and 794a(a)(2) and (b)(3)(A), and under Section 505 of the RA which enforces Section 504 of the RA, 29 U.S.C. Section 794 and 794a incorporating the remedies, rights and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d *et seq*.

4. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of the RA.

6. Defendant owns, leases, leases to, or operates a business that is a recipient of federal financial assistance through the Paycheck Protection Program related to the Coronavirus. *See Exhibit A*.

## FACTS

7. Subsequent to the effective date of the RA, Defendant owned and operated an automotive dealership in Tampa, Florida located at 9090 Adamo Dr., Tampa, FL 33619. This automotive dealership is one of the dealers for Ford Motor Company. Defendant is a dealer of new Ford and pre-owned automotive vehicles. As a part of its operations, Defendant has a loaner car service for some customers to use while their vehicle is being serviced by the dealership. The loaner car service is part of

Defendant's operation of the automotive dealership and are a covered "program or activity" under the Rehabilitation Act.

8. On or about September 30, 2020, Plaintiff, with her service dog, took her vehicle to Defendant's dealership, where she bought her Ford Edge, for service. Plaintiff prearranged to use a loaner vehicle. The employee at the loaner counter, "Zach", told her that no pets were allowed in the loaner vehicles. After informing him of the law and that her service dog was not a pet, "Zach" left the counter, came back, and took her outside to inspect the loaner vehicle. Again, he stated that no pets were allowed and that if the vehicle were damaged or dirty upon return, Plaintiff would be charged a $250 cleaning fee. Plaintiff asked, "do you mean if I got one single dog hair inside the vehicle, I would be charged a fee?" to which he responded yes. Plaintiff did not leave her car for service that day and left instead. Plaintiff filed a complaint for violation of the ADA with the Department of Justice (case number 40036-MRT) on October 9, 2020.

9. On or about February 2, 2021, Plaintiff brought her vehicle back again, for a repeat problem that previously could not be duplicated. The dealership ended up having the vehicle for 16 days. Plaintiff needed to use a loaner vehicle but did not have her service dog because she could not handle another confrontation. At one point during this time frame, Plaintiff called the service manager Matt Collem. After explaining what her concerns were and that they were not honoring the law he stated that she had to put a tarp down to accommodate her dog and that he was, "trying to work with her" and again noted the cleaning fees. After speaking to Matt, Plaintiff

3

called the dealership's owner's office where she was connected to the owner's assistant, Ms. Diaz. Plaintiff retold the whole stories of the experiences with them to date about her service dog. Ms. Diaz called her back and said that they have to resell these loaner cars; that if a dog has been inside, it could cause an allergic reaction for a potential buyer; and that they have to protect their vehicles and future sales. Again, Plaintiff reiterated to Ms. Diaz that this was against the law.

10. On or about August 2021, Plaintiff called Defendant to make an appoint for car service because the original issue necessitating the need for a loaner car had not been resolved. Plaintiff was told that the Defendant would not grant her a service appointment and would not service her car because of a "business decision" which on information and belief, Plaintiff contends such denial of service was a pretext for further discrimination and retaliation because Plaintiff asserted her rights regarding her service animal under the Americans with Disabilities Act and the Rehabilitation Act of 1973.

### COUNT I - VIOLATION OF THE REHABILITATION ACT

11. As more specifically set forth above, Defendant has violated the RA by failing to provide suitable vehicles for persons whose disabilities require the use of support animals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff and other similarly situated individuals solely by reason of their disability:

   a. By excluding Plaintiff from participation in and denying her the benefits of or subjecting her to discrimination under any program or activity receiving

Federal financial assistance, Defendant has violated the RA;

      b. Congress enacted the RA to enforce the policy of the United States that all programs, projects and activities receiving federal assistance ". . .be carried out in a manner consistent with the principles of . . . inclusion, integration and full participation of the individuals [with disabilities]." 29 U.S.C. Section 701 (c)(3);

      c. Defendant is a recipient of federal financial assistance bringing it under the RA which prohibits discrimination against qualified or otherwise qualified individuals in the recipient's "programs or activities";

      d. Section 504 of the RA prohibits recipients of federal funding from discriminating against disabled persons and requires that facilities, programs or activities operated by a federally funded entity be readily accessible to persons with disabilities;

      e. The RA defines "program or activity" as all of the operations of the entire corporation, partnership, or other private organization, or sole proprietorship as a whole which receives and distributes federal financial assistance. Defendant's car dealership operations, including loaner car service are a "program or activity" within the meaning of the Rehabilitation Act. 29 U.S.C. Section 794(b)(3)(A);

      f. Plaintiff was denied access to the benefits of Defendant's dealership and subjected to discrimination solely by reason of her disability. This denial of access to Defendant's "program or activity" subjected Plaintiff to discrimination, excluded Plaintiff from participation in the program or activity and

denied Plaintiff the benefits of Defendant's automotive dealership, a service available to those persons who are not disabled and use a service dog. On information and belief, as of this filing, the loaner car service is inaccessible to qualified or otherwise qualified persons;

      g.    Defendant has engaged in unlawful practices in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 since it started its loaner car service. These practices include but are not limited to denying Plaintiff, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices meets the essential eligibility requirements for the receipt of services to participate in programs or activities provided by Defendant.

    12.    Defendant has acted with deliberate indifference to the provisions of the Rehabilitation Act regarding the unlawful practices described herein because Defendant is fully aware that service animals are not pets and they are required to accommodate them and have failed to remediate the prohibition on service animals to make its loaner cars equally accessible to persons with disabilities who use service dogs. Even when presented with facts about service animals Defendant refused to allow Plaintiff the right of having a service animal without paying a fee, forcing Plaintiff to have to decide between utilizing her needed service animal and paying, or not being able utilize her loaner car. Defendant knew that harm to a federally protected right was substantially likely, and it failed to act on that likelihood when it adopted this strict no pets, including service animals, policy for loaner cars. Defendant has shown deliberate indifference to Plaintiff by refusing to service Plaintiff's vehicle,

6

with no other reasonable explanation other than that she tried to assert her right as a person with disabilities. Defendant knew this, and on information and belief, a person with authority to amend the loaner car policy, made a deliberate choice to continue to offer the service to its customers and potential customers knowing that the loaner cars are inaccessible to persons whose disabilities require the service of an animal. As a result of the fear of continued discrimination and embarrassment, Plaintiff has since sold her car.

13. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory practices present at Defendant's dealership. By continuing to operate its dealership with discriminatory practices, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the benefits of the programs and activities available to the general public. By encountering the discriminatory conditions at Defendant's dealership, and knowing that it would be a futile gesture to attempt to patronize the dealership unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same dealership readily available to the general public and is deterred and discouraged from doing so. By maintaining a dealership with violations, Defendant deprives Plaintiff the participation in and benefits of its programs and activities.

14. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the RA.

15. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the RA as requested herein.

16. As a result of the foregoing, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, damages, costs and litigation expenses paid by Defendant pursuant to 29 U.S.C. § 794a.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant's dealership at the commencement of the subject lawsuit is in violation of the Rehabilitation Act;

b. The Court issue a Declaratory Judgment that determines that the Defendant's dealership is in violation of the Rehabilitation Act *et seq.*;

c. The Court issue a Declaratory Judgment that Defendant has violated the RA by failing to allow service animals into the loaner vehicles without incurring a fee to ensure that it is usable by persons whose disabilities require the use of service animals;

d. That this Court issue an Order directing Defendant to alter its loaner car policy on service animals to make it useable by individuals with disabilities to the full extent required by the Rehabilitation Act;

e. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such

reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    f.    That this Court enter an Order directing Defendant to continually update and maintain its loaner car policies to ensure that it remains fully accessible to and usable by disabled individuals;

    g.    That this Court enter an Order finding that Defendant acted with deliberate indifference to Plaintiff's rights under federal law and;

    h.    An award of damages to Plaintiff for suffering deliberate indifference;

    i.    An award of attorney's fees, costs and litigation expenses pursuant to 29 Section 794a.; and,

    j.    Such other relief as the Court deems just and proper, and/or is allowable under the Rehabilitation Act.

Dated: October 21, 2021    Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T: 305-351-2014
cc@cunninghampllc.com